**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| LEONARDO PEREZ GUTIERREZ,<br>Petitioner,<br>v.<br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br>Respondent. | No. 2:26-cv-03381-SHL-tmp |

**ORDER GRANTING PETITION**

On October 19, 2026, pro se Petitioner Leonardo Perez Gutierrez filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) He challenges his continued detention without an individualized bond hearing in the West Tennessee Detention Facility. (Id. at PageID 10.) He seeks immediate release from Respondent's custody. (Id. at PageID 16.) Respondent responded on October 27. (ECF No. 7.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 24.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

## BACKGROUND

Mr. Perez Gutierrez, a citizen of Mexico, has resided in the United States continuously since September 2016. (ECF No. 2 at PageID 15.) He was taken into ICE custody on or about August 30, 2026. (Id. at PageID 17.) He remains at the West Tennessee Detention Facility. (ECF No. 7 at PageID 25.) He seeks immediate release from Respondent's custody. (ECF No. 2

at PageID 16.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 7 at PageID 24.) Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'")

(quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody, and immediately return to Petitioner any property seized by the Government, including but not limited to any documentation in the possession of Petitioner at the time of his arrest and detainment. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 27th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE